**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
WILLIAM HAVENS,                 )
                                )
            Plaintiff,          )
                                )
      v.                        )        Civil Action No. 10-1859 (ABJ)
                                )
RAY MABUS, SECRETARY OF THE     )
NAVY; CHAIRMAN, BOARD FOR       )
CORRECTIONS OF NAVAL RECORDS    )
                                )
            Defendant.          )
_____ )
```

## MEMORANDUM OPINION

Plaintiff William Havens brings this action against defendant Ray Mabus, in his capacity

as Secretary of the Navy,[1] seeking review of his discharge from active duty and correction of his

naval records under the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"). Defendant has

moved to dismiss plaintiff's amended complaint under Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6) or, in the alternative, for summary judgment. [Dkt. # 15]. Defendant contends that

---

1      It appears that plaintiff intended to name two defendants in this action. The Amended
Complaint states: "Made [sic] defendants herein are Ray Mabus in his official capacity as the
Secretary of the Navy and the Chairman of the Board for Correction of Naval Records also in his
official capacity." Am. Compl. ¶ 1 [Dkt. # 13]. And plaintiff's opposition to the motion to
dismiss refers to defendants in plural. Opp. to Defs.' Mot. to Dismiss or in the Alternative for
Summ. J. and Cross-Mot. for Partial Summ. J. [Dkt. # 18] ("Pl.'s Opp.") at 1. However, the
docket in this action shows only Ray Mabus as a defendant, and reveals that summons were
issued only as to "Ray Mabus." Furthermore, Defendant's motion to dismiss is filed only on
behalf of Ray Mabus as Secretary of the Navy in his official capacity, and begins, "Defendant
Ray Mabus, Secretary of the Navy, in his official capacity, by and through the undersigned
counsel, respectfully moves for dismissal . . . ." Def.'s Mot. to Dismiss, or in the Alternative, for
Summ. J. [Dkt. # 15] ("Def.'s Mot.") at 1. Accordingly, the Court proceeds as though Mr.
Mabus in his official capacity as the Secretary of the Navy is the only defendant in this action.
Even if the second defendant was properly served, the resolution of his case would be the same
as Mabus's.

the Court lacks subject matter jurisdiction over the claims, that the statute of limitations has run, and that the doctrine of *res judicata* bars this action.  Plaintiff has cross-moved for summary judgment in part.  [Dkt. # 19].   Because the Court finds that plaintiff's claims are barred by *res judicata*, the Court will grant defendant's motion to dismiss under Rule 12(b)(6) and will not reach the motion for summary judgment.  It will also deny plaintiff's cross-motion.

## BACKGROUND

Plaintiff William Havens, a resident of Texas, seeks APA review of defendant's repeated denials of his request for correction of his naval record under 10 U.S.C. § 1552 to reflect a disability retirement designation.  Am. Compl. ¶ 108.  Commander Havens is a retired naval officer who served on active duty in the United States Navy Reserve ("Reserve") from March 1980 until August 1996.  *Id.* ¶¶ 3, 31, 84.  He alleges that he began experiencing medical problems in 1995 while on active duty.  *Id.* ¶¶ 7–9, 11.  Plaintiff was subsequently diagnosed with psoriasis and psoriatic arthritis at a naval hospital in September, 1995.  *Id.* ¶ 12.

In August 1996, the Reserve released plaintiff from active duty pursuant to 10 U.S.C. §14506 after he was not selected for promotion in two consecutive years.  *Id.* ¶ 22–23.  Prior to his release from active duty, plaintiff was given a physical examination at Treasure Island Clinic and found to be fit for discharge.  *Id.* ¶¶ 25–27.  Plaintiff claims that he requested that a medical board evaluate his disability, but the facility refused to provide an evaluation.  *Id.* ¶¶ 19–21.  Plaintiff contends that this denial violated naval medical procedure and Department of Defense directives.  *Id.* ¶ 96.  In September 1997, while on inactive duty, plaintiff was given a 40% service connected disability designation by the Department of Veterans Affairs, based on psoriasis (10%), psoriatic arthritis (20%) and undiagnosed illness (10%).  *Id.* ¶ 38.  At the same

time, in annual physicals administered in 1997, 1998, 1999, and 2000, the Navy determined that plaintiff was physically qualified for duty. *Id.* ¶¶ 34, 45, 52, 56.

In November 1999, plaintiff filed an application before the Board for Correction of Naval Records ("BCNR") seeking a medical board evaluation to assess his physical qualifications for assuming disability retirement status. Am. Compl. ¶ 55. In June 2000, the BCNR denied his application. *Id.* ¶ 60. Plaintiff requested reconsideration of the BCNR's decision twice in 2001; both requests were denied. *Id.* ¶¶ 70–71.

In March 2001, plaintiff submitted a request to be recalled to active duty for medical treatment. Am. Compl. ¶ 64. But on January 2, 2002, plaintiff was evaluated by a Physical Evaluation Board and found to be unfit for active duty, and in March 2002, the Reserve transferred him to the Retired Reserve. *Id.* ¶¶ 81, 84. Plaintiff filed a second application seeking correction of his medical records with the BCNR in 2002. *Id.* ¶ 82. In 2005 he filed a third application, attaching new evidence and amending his original claims. *Id.* ¶ 88. The BCNR treated both applications as requests for reconsideration and both were denied. *Id.* ¶¶ 88–90.

Plaintiff filed a complaint in the United States Court of Federal Claims in November, 2007, and an Amended Complaint on March 13, 2008. *Havens v. United States*, No. 07-780 C (Ct. of Fed. Cl. 2007).[2] The amended complaint asserted a claim for improper release from active duty and a claim for disability retirement and severance benefits. *Id.* In November 2008, the Court of Federal Claims dismissed the amended complaint, holding that both of plaintiff's claims were barred by the six-year statute of limitations in the Tucker Act. *Id.* at 7. The court

---

2    The Court takes judicial notice of these proceedings. *Weil v. Markowitz*, 829 F.2d 166, 173 n.15 (D.C. Cir. 1987) ("We are free to take judicial notice of [a] related proceeding in another court."); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular . . . matters of which a court may take judicial notice.") (citations omitted).

found that the statute of limitations accrued upon plaintiff's release from active duty and did not toll during plaintiff's appeals to the BCNR.  *Id.*  Plaintiff appealed to the Court of Appeals for the Federal Circuit, which affirmed the original judgment.  *Havens v. United States*, 330 F. App'x 920 (Fed. Cir. 2009) *cert. denied,* 130 S. Ct. 1748, 176 L. Ed. 2d 214 (2010).

Plaintiff filed this action on November 1, 2010, seeking review and correction of his military record under the APA and an order directing the BCNR to designate him as medically retired, retroactive to either 1996 or 2002.  Compl. ¶ 99.  Defendant filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  [Dkt. # 5].

 On January 5, 2012, plaintiff filed an amended complaint, which, in relevant part, differs from the original complaint in the following ways:

- Plaintiff asserts that "[t]his complaint should not be considered a claim for money damages under the Tucker Act, the Little Tucker Act or the Military Pay Act. Plaintiff further avers that this court does not enjoy jurisdiction under the Tucker Act." Am. Compl. ¶ 2.

- Plaintiff asserts that his severance pay was "recouped from his VA benefits as well as taxes withheld from the original severance pay . . . [and] [u]pon information and belief, any retroactive monetary benefits would be subject to recoupment due to his federal civil service worker's compensation payments." *Id*. ¶¶ 104–05.

- Plaintiff "waives his right, if any to pre-judgment retroactive monetary payments." *Id*. ¶ 106.

- Plaintiff asserts that "this Court does not have the jurisdictional authority to award prospective monetary benefits and that any prospective monetary benefits must be obtained through the administrative avenues prescribed by 10 U.S.C. § 1552 and 32 C.F.R. 723.10." *Id*. ¶ 107.

The amended complaint contains no enumerated causes of action.  It asserts generally that defendant acted arbitrarily and capriciously, in violation of the Constitution and the APA in failing to correct his record.  Am. Compl. ¶¶ 92–93.  It seeks an order directing defendant to

correct his records "to reflect that he should have been medically retired to a date as determined by this [C]ourt." *Id.* ¶ 108.

In light of the amended complaint, the Court denied defendant's motion to dismiss the original complaint as moot.  Minute Order (Jan. 10, 2012).  Defendant then filed a motion to dismiss the amended complaint or, in the alternative, for summary judgment.  [Dkt # 15]. Plaintiff cross-moved for summary judgment in part.  [Dkt. # 19].

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

## I.    Subject Matter Jurisdiction

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).  Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with examination of our jurisdiction.").  Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement . . . no action of the parties can

confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1993); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II.   Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id.* at 679, quoting Fed. R. Civ. Pro. 8(a)(2). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of

action," *id.* at 678, quoting *Twombly*, 550 U.S. at 555, and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

## ANALYSIS

### I.    This Court Has Subject Matter Jurisdiction Under the APA.

Defendant first argues that the Court should dismiss this action for lack of subject matter jurisdiction because the United States Court of Federal Claims has exclusive jurisdiction over plaintiff's claims under the Tucker Act, 28 U.S.C. § 1491.  Mem. of Points and Authorities in Support of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. ("Def.'s Mem.") [Dkt. # 15] at 21–22.  The Court disagrees.

The Tucker Act vests exclusive jurisdiction in the Court of Federal Claims over claims against the United States for "liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  "[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." *Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995).

Defendant points out that even though plaintiff's amended complaint "waives retrospective damages in excess of $10,000, it does not waive prospective damages in excess of $10,000."  Def.'s Mem. at 22.  Accordingly, defendant argues that the action is subject to the Tucker Act, and therefore outside this Court's jurisdiction.  *Id.*

However, in determining whether a complaint seeks monetary damages "in essence," "the court must generally limit itself to the four corners of the complaint." *Tootle v. Sec'y of Navy*, 446 F.3d 167, 174 (D.C. Cir. 2006). "[I]nquiries into the consequences of plaintiff victories – even 'automatic' consequences – would 'take us outside the record sought to be reviewed and thereby complicate the jurisdictional issue.'" *Kidwell*, 56 F.3d at 285, quoting *Vietnam Veterans of Am. v. Sec'y of the Navy*, 843 F.2d 528, 535 (D.C. Cir. 1988). Here, plaintiff's amended complaint does not expressly request monetary relief. It requests only equitable relief. Am. Compl. ¶ 108.

Defendant emphasizes that plaintiff "does not dispute that monetary savings are at the core of the benefits he seeks." Def.'s Mem. at 22. The financial nature of those benefits, he argues, deprives this Court of jurisdiction over plaintiff's claims, despite the absence of an express request for monetary relief. *Id.*

The D.C. Circuit rejected a similar argument in *Smalls v. United States*, 471 F.3d 186, 190–91 (D.C. Cir. 2006). There, the circuit court held that a court in this district had jurisdiction over a claim seeking the correction of the plaintiff's military records even though the plaintiff's ultimate goal was to receive retirement benefits that would have a monetary value above $10,000. *Id.* The opinion emphasized that the plaintiff would only receive the retirement benefits after future administrative proceedings and not as the automatic result of the court's adjudication of his claims in the case before. *Id.*

As in *Smalls*, if the Court were to grant plaintiff the relief he seeks here, any resulting monetary benefits, such as disability payments, would come only as a result of subsequent administrative proceedings. Am. Compl. ¶¶ 2, 106–07; Pl.'s Opp. at 12. So in accordance with the D.C. Circuit's decision, plaintiff's APA claim is not "in essence" a claim for monetary relief.

Therefore, the Court will not dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1).

## II.   Plaintiff's Claim Is Barred by the Doctrine of *Res Judicata*.

Defendant also moves to dismiss plaintiff's complaint on the grounds that plaintiff's sole cause of action is barred by the doctrine of *res judicata* and thus fails to state a claim upon which relief can be granted.[3]   Def.'s Mem. at 16-21.[4]

A plaintiff must "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence."   *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d

---

[3]   Defendant's 12(b)(6) motion also contends that the six-year statute of limitations has run on plaintiff's APA claim.   Def.'s Mem. at 22–28.   Defendant notes that the initial adverse decision of the BCNR was handed down in 1999, well over six years ago.   *Id.* at 27.

Where a plaintiff challenges an adverse decision by the BCNR, the statute of limitations "accrues at the time of the final agency decision, or the exhaustion of all administrative remedies," and is not affected by when the plaintiff's discharge was actually finalized.   *Lebrun v. England*, 212 F. Supp. 2d 5, 11 (D.D.C. 2002), citing *Blassingame v. Sec'y of the Navy*, 811 F.2d 65, 72 (2d Cir. 1987).

However, Circuits have split on the issues of (1) whether the six-year time period restarts after a subsequent request to the BCNR for reconsideration, and (2) how the statute of limitations is affected by multiple requests for reconsideration.   Some have held that the clock restarts only if the requester presents new evidence to the medical board.   *See, e.g.*, *Green v. White*, 319 F.3d 560, 566–67 (3rd Cir. 2003).   While the D.C. Circuit has yet to decide the issue, another court in this district has held that the statute of limitations always restarts if a request for reconsideration is made within 6 years of the original denial.   *See Lewis v. Sec'y of the Navy*, Civ. A. No. 89-1446, 1990 WL 454624, at *6–7 (D.D.C. June 29, 1990).   However, given the application of *res judicata* in this case, the Court need not decide the statute of limitations issue.

[4]   Plaintiff asserts that defendant should be barred from making these arguments under issue preclusion and the law of the case doctrine because the Court previously denied defendant's motion to dismiss the original complaint – which asserted these same arguments – as moot after plaintiff filed his amended complaint in this case.   *See* Pl.'s Opp. at 16–17.   This argument misconstrues those doctrines.   The Court's denial of the motion to dismiss as moot was an interlocutory order based on the changed posture of the case.   The Court has not ruled on the merits of defendant's argument, and therefore the argument is not barred by the law of the case doctrine.   *See Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1013 (D.C. Cir. 2009); Fed. R. Civ. P. 54(b).   Issue preclusion is inapplicable here because it applies only where a Court has decided an issue in a separate lawsuit.   *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983) (Issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action.") (emphasis omitted).

195, 205 (D.C. Cir. 1985) (internal quotation marks and citation omitted); *see also I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously").  Thus, the doctrine of *res judicat*a "prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund*, 723 F.2d 944, 946 (D.C. Cir. 1983).  It acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  A party cannot escape application of the doctrine by "simply raising a new legal theory." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 218 (D.C. Cir. 2004).

Under the doctrine of *res judicata*, a claim "will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls*, 471 F.3d at 192 (internal citations omitted).

A. Prior Litigation Involving the Same Cause of Action

Under the transactional approach utilized in this circuit, a "cause of action" for purposes of *res judicata* consists of "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which [the prior] action arose." *Smalls*, 471 F.3d at 192–93, quoting *Smith v. Jenkins,* 562 A.2d 610, 613 (D.C. 1989); *see also Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997); Restatement (Second) of Judgments § 24(1) (1982).  The Court must determine whether the second cause of action arises from any part of the transaction or series of transactions underlying the first cause of action by looking for a "nucleus of facts, for it is the facts surrounding the

transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (internal quotation marks and citation omitted).

In the instant case, plaintiff concedes that the nucleus of facts surrounding his APA claim in this Court is identical to that surrounding the wrongful discharge claim he brought in the Court of Federal Claims. Pl.'s Opp. at 13 ("[A]lthough the underlying facts [of the complaint in the Court of Federal claims and the amended complaint in this Court] may be the same, the issues raised in the courts are significantly different."). The 2007 amended complaint that plaintiff filed in the Court of Federal Claims challenged his discharge from active duty, and sought:

1. His "restor[ation] to active duty with all pay and benefit [sic] retroactive to September 1, 1996 the date of his improper release from active duty," and

2. An order directing the government to reevaluate whether he is fit for release from active duty and retirement or should be processed pursuant to the Disability Evaluation System retroactive from his date of release, or in the alternative,

3. A modification of the January 2, 2002 decision of the Physical Evaluation Board that found plaintiff not physically qualified for active duty in the Naval Reserve and an order granting benefits or separation pay, or in the alternative,
4. Remand of the matter to the BCNR for review and evaluation regarding whether he should be granted benefits or separation pay.

Ex 1 to Def's Mot. at 15.

The amended complaint here seeks an order of the Court directing the Secretary of the Navy and the Board for Correction of Naval Records to correct plaintiff's records to reflect that he should have been medically retired to a date as determined by this Court.[5] Am. Compl. ¶ 108. In order to grant plaintiff the relief he seeks, the Court would have to find his 1996 release from active duty or the 2002 decision of the Physical Evaluation Board to have been wrongful. This is

---

[5] The original complaint specified that the court should find medical retirement retroactive to 1996 or, in the alternative, to 2002. Compl. ¶ 99.

11

exactly what the Court of Federal Claims would have had to find in order to grant him the relief he sought there.

It is irrelevant that plaintiff's complaint now seeks injunctive relief instead of the monetary relief he sought in the Court of Federal Claims, or that his amended complaint waives his right to prejudgment retrospective monetary payments.  For purposes of *res judicata*, the Court is required to look behind the express allegations in the complaint to determine what it is that plaintiff actually seeks.  *See, e.g.*, *Smalls*, 471 F.3d at 193.

In *Smalls*, the plaintiff brought suit in the District of Hawaii challenging the BCNR's denial of his requests to amend his record to reflect a retirement for medical disability.  *Smalls v. United States*, 87 F. Supp. 2d 1055, 1057, 1060 (D. Haw. 2000).  His amended complaint asserted a torts claim as well as a claim for administrative review under the APA.  *Id.*  On appeal, the Ninth Circuit transferred the case to the Court of Appeals for the Federal Circuit, which directed the Hawaii district court to dismiss the complaint based on the statute of limitations.  *Smalls v. United States*, 87 Fed. Appx. 167, 168 (Fed. Cir. 2004).  The plaintiff then brought a separate action in this district seeking APA review of his record and not expressly seeking any monetary relief.  *Smalls v. United States*, No. 03-CV-2620 (JDB) (D.D.C. Dec. 8, 2004).  The district court dismissed the action on *res judicata* grounds.  *Id.*  On appeal, the D.C. Circuit affirmed.  *Smalls*, 471 F.3d at 193.  The circuit court found that "[a]lthough Smalls omitted . . . any request for damages in his D.C. complaint, the factors relevant to the transactional analysis point against Smalls in light of his single goal of having his military record corrected so that he will be eligible to receive medical disability retirement benefits."  *Id.*  That was the same goal he sought to fulfill with his previous action.

As in *Smalls*, plaintiff's goal here is to have his military record corrected so that he will be eligible to receive the same kinds of benefits he sought in the Court of Federal Claims. At the hearing in this case, the Court asked counsel for plaintiff to "give me the best, most complete list you can, beyond the intangible of being able to say, 'I am retired,' what are the nonmonetary benefits of the relief you are seeking here[?]" Tr. at 17:14–20:12. The only benefits he was able to identify were health and insurance benefits for plaintiff and his family. *Id.* And even though plaintiff has now waived his right, if any, to "pre-judgment retroactive monetary payments," his goal is still to obtain the same types of benefits that he would have obtained from a favorable decision in the Court of Federal Claims. The only difference his waiver makes is that now he would begin receiving the benefits as of the date of this Court's ruling rather than as of 1996 or 2002.

Furthermore, in *Stanton v. D.C. Court of Appeals*, the D.C. Circuit explained that facial challenges to a governing rule that could have been raised in prior proceedings are only excluded from the *res judicata* bar when they concern post-judgment events. 127 F.3d 72 at 79. In *Stanton*, in relevant part, a suspended attorney who had been denied reinstatement to the bar on multiple occasions brought a due process challenge to the procedures governing reinstatement. *Id.* at 73–74. The defendant argued that the claim was barred by *res judicata* based on three previous unsuccessful suits that the plaintiff had filed challenging the court's rejections of his petitions for reinstatement. *Id.* at 77. The D.C. Circuit held that his claim was not barred by *res judicata* because the previous actions had challenged the original suspension proceeding, whereas the present action challenged the reinstatement proceedings. *Id.* "Stanton's participation in prior proceedings in which facial challenges could have been raised does not

prevent him from raising those challenges now, so long as they concern post-judgment events." *Id.* at 79.

In contrast to *Stanton*, the claim plaintiff seeks to bring here concerns exactly the same events that he challenged in the Court of Federal Claims – his discharge from active duty and the subsequent decision of the Physical Evaluation Board that found plaintiff not physically qualified for active duty.  So regardless of the fact that this challenge seeks review of an agency decision under the APA and the Constitution, whereas the previous challenge sought monetary benefits, the two cases involve the same cause of action as contemplated under the doctrine of *res judicata*.

  B.  Same Parties or their Privies

Plaintiff further contends that the parties to the litigation are different, because plaintiff's prior suit in the Court of Federal Claims named the United States of America as defendant under the Tucker Act, whereas this action names Mr. Mabus in his official capacity as the Secretary of the Navy.  Pl.'s Opp. at 14.

However, for the purposes of *res judicata*, "there is privity between a government and its officers."  *Polsby v. Thompson*, 201 F. Supp. 2d 45, 49 (D.D.C. 2002), citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940).  Therefore, defendant in this case is considered to be a privy of the defendant named in the case before the Court of Federal Claims. *See Thompson*, 201 F. Supp. 2d at 49; *see also Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972).  The instant action can thus be precluded by the resolution of his prior claim against the sovereign.

C.  Final, Valid Judgment on the Merits

A dismissal on statute of limitations grounds is considered a judgment on the merits for purposes of *res judicata*. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995); *see also Smalls*, 471 F.3d at 192. Plaintiff argues that the prior judgment in this case has preclusive effect only as to plaintiff's wrongful discharge claim, as the Court of Federal Claims was only interpreting the six-year statute of limitations under the Tucker Act. Pl.'s Opp. at 15–16. But even if this Court were to find that the statute of limitations has not run on plaintiff's APA claim, the preclusive effect of *res judicata* applies to the entire cause of action arising out of plaintiff's discharge, and not merely to one particular legal issue. *See Stanton*, 127 F.3d at 78. Therefore, there has been a final, valid judgment on the merits for purposes of *res judicata*.

D.  Court of Competent Jurisdiction

Plaintiff next contends that because the district courts have exclusive jurisdiction over claims brought under the APA, he could not have brought his APA claim in the action before the Court of Federal Claims. Pl.'s Opp. at 13–14, citing *Murphy v. United States*, 993 F.2d 871, 874 (Fed. Cir. 1993). Therefore, plaintiff argues, the Court of Federal Claims was not a court of competent jurisdiction as to the APA claim under *res judicata*. Pl.'s Opp. at 13–14.

Defendant again relies on *Smalls*. But plaintiff reaches this Court in a different posture than the plaintiff in *Smalls*. The plaintiff in *Smalls* had attempted to bring a cause of action in district court in Hawaii before filing his suit in the District of Columbia. The District Court for the District of Hawaii was certainly a court of competent jurisdiction for an APA claim. *See Smalls*, 471 F.3d at 193. This plaintiff, however, has not previously filed any claims in a district court; the only claims he has brought that are relevant to this case are the actions he filed in the Court of Federal Claims. So if it were true that the Court of Federal Claims does not have the

jurisdiction to provide the relief he seeks, then unlike *Smalls*, his claims would not be barred by *res judicata*.

However, the Court of Federal Claims has jurisdiction to examine claims for declaratory or injunctive relief to the extent that such relief is necessary "[t]o provide an entire remedy and to complete the relief afforded by the judgment [for money damages]." 28 U.S.C. § 1491(a)(2); *see also Carter v. Dep't of the Navy*, No. 05-CV-0775 (RBW), 2006 WL 2471520 at *2 n.5 (D.D.C. Aug. 24, 2006).[6] Thus, if the Court of Federal Claims had found in plaintiff's favor in his prior suit for damages, he could have received the benefit of a correction of his record which is the relief he seeks in the instant case. Therefore the Court of Federal Claims was a court of competent jurisdiction as to plaintiff's entire cause of action.

Defendant correctly points out that allowing plaintiff to circumvent the judgment of the Court of Federal Claims by bringing suit over the same underlying transaction under a different statute in a different court would undermine *res judicata*'s goal of "conserve[ing] judicial

---

6       Although not cited by the parties, *Carter v. Dep't of the Navy* is another D.C. Circuit case that raises *res judicata* in the military discharge context, but it is distinguishable from the instant case. *Carter*, 258 F. App'x at 342. In *Carter*, the plaintiff filed an application with the BCNR for correction of his military record. *Id.* at 343. But before the BCNR ruled, he filed suit in the Court of Federal Claims for wrongful discharge. *Id.* In 2004, the Court of Federal Claims dismissed his action on statute of limitations grounds. *Carter*, No. 05-CV-0775 (RBW), 2006 WL 2471520 at *2 n.5 (D.D.C. Aug. 24, 2006). In 2005, the BCNR denied his application for correction of his record, and the plaintiff challenged the decision before another court in this district. *Id.* The court dismissed the claims "relating to the plaintiff's 1978 military discharge that were or could have been brought in the plaintiff's 2004 complaint before the Court of Federal Claims" under *res judicata*, and dismissed those relating to his application for correction of his military records under the statute of limitations. *Id.* at *4. The court discussed *res judicata* in a footnote, noting that "any claims relating to the plaintiff's military discharge that could not have been brought before the Court of Federal Claims may not be dismissed on *res judicata* grounds and must be analyzed on their own merits." *Id.* at *2 n.5.
         On appeal, the D.C. Circuit noted in dicta that *res judicata* would not bar the plaintiff from bringing an APA claim in the future because the plaintiff "never alleged an APA claim in his initial complaint . . . and as a result, there is no final judgment on any potential APA claim." *Carter*, 258 F. App'x at 344. This statement, made in dicta in an unreported *per curium* order in a case with facts that are distinguishable from the instant case, is not applicable here.

resources, avoid[ing] inconsistent results, engender[ing] respect for judgments of predictable and certain effect, and prevent[ing] serial forum-shopping and piecemeal litigation." Def.'s Mem. at 16, citing *Hardison*, 655 F.2d at 1288.

### CONCLUSION

Because plaintiff's APA claim arises out of the same series of transactions as his prior claim, and because that claim has already received a final judgment on the merits from a court of competent jurisdiction, this Court finds that plaintiff's complaint is barred by the application of *res judicata*. Accordingly, the Court will grant defendant's motion to dismiss the complaint or, in the alternative, for summary judgment [Dkt. # 15] under Rule 12(b)(6) for failure to state a claim on which relief can be granted, and will deny plaintiff's cross-motion for partial summary judgment [Dkt. # 19]. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: September 26, 2012

17